Haines v. Dubois.

---

### JOSEPH C. HAINES v. DAVID DUBOIS.

1. An endorsement is usually written on the back of a note, but the place is by no means essential. If the payee write his name on any part of a note, with the intention of endorsing it, it is a sufficient endorsement.

2. A notice of protest, drawn and sent to the endorser as maker, instead of as endorser of the note, is sufficient, if such action fully answers all the purposes for which a notice is required to be sent to an endorser.

On rule to show cause, &c.

The issue in this case was tried at the Salem Circuit, and a verdict rendered for the plaintiff. The defendant seeks to have the verdict set aside, and a new trial granted, because he was not an endorser of the note sued on, and if an endorser he had no sufficient notice of non-payment.

For the plaintiff, *S. A. Allen.*

For the defendant, *J. T. Nixon.*

CHIEF JUSTICE. The only question made upon the argument was, whether Dubois, who was sued as endorser of a note was duly notified of its dishonor.

The note was made by John W. Wright, payable to the order of Dubois, to secure a debt which he owed to one Thomas Newell. He agreed to give security for the delay of eight months, the time the note had to run, and took the note so made away with him, and brought it back with the name of Dubois written under that of Wright, the maker. It did not appear upon the trial that Dubois refused to endorse the note, but was willing to be a joint maker; no evidence was given to show why he did not endorse his name, as usual, on the back, instead of writing it, as he did, on the face. Dubois was sworn upon the trial, and did not pretend that he did not intend to endorse the note. He knew that the note was payable to his order, and could not be negotiated without his endorsement, and with this knowledge put his name upon it. It was a sufficient endorsement.

If the payee write his name on any part of the note with the intention of endorsing it, it is a sufficient endorsement. An endorsement, as the word imports, is usually put upon the back of a note; that is the regular mode, but the place where written is by no means essential. *Partridge* v. *Davis*, 20 *Vermont* 499—503.

In *Rex* v. *Biggs*, 3 *P. Wms.* 419—428, it was held, under a statute making it a felony to alter or rase an endorsement on a bill or bank note, that a defendant who had erased with lemon juice a receipt for part payment written on the face of a bank note, was properly convicted under the act for rasing an endorsement.

This is much like the question of how the endorser's name must be written. It has been held that a writing in pencil is sufficient; so an endorsement by initials, and even by figures has been held good. *Brown* v. *Butchers Bank*, 6 *Hill* 443, and cases there cited. *Merchants Bank* v *Spicer*, 6 *Wend.* 445. The true rule is stated by Nelson, Ch. Just., in the case cited from 6 *Hill* 443, that a person may become bound by any mark or designation he thinks proper to adopt, provided he uses it as a substitute for his name, and he intends to bind himself. For the same reason, the place where

Haines v. Dubois.

the name, or mark, or designation is put is not material, if the signer intended it as an endorsement.

The notary, misled by the place in which he found Dubois' signature, sent notice to him as the maker of the note. This notice Dubois, on the trial, admitted he had received, and did not deny that he was fully apprized by it that the note was duly presented for payment at the Salem Bank, where it was payable, payment demanded of the maker, and refused. A short time before the note became due he called upon the plaintiff, to whom Newell transferred it when made, asked to see it, saw it, and remarked that it was correct.

He was not endorser upon any other note at the time with which this might have been confounded. In short, the case leaves no room for doubt that he was fully apprized by the notice of the dishonor of the note, and by fair implication, that he was looked to for payment. The notice in fact answered all the purposes for which a notice is required to be sent to an endorser. This was held sufficient in *Howland* v. *Adrain*, decided at June term, 1862. *Ante* 41.

No exception was taken in the defendant's brief to the place where the notice was sent.

The verdict was right upon the evidence, and there should be judgment for the plaintiff.

OGDEN, J. The defendant in this case seeks for a new trial upon two grounds, one that the proofs were not sufficient in law to fix him as the endorser of a promissory note, made payable to his order; the other, that the justice, on the trial of the cause at the Salem Circuit, refused to permit the defendant to prove that, at the time he put his name on the note, at the maker's request, it was agreed between them that the note was to be used to renew, or to raise money to pay off a note in the Cumberland Bank, which he previously had endorsed for the maker, and which would be due in a few days after the note in suit was made, and to read the note payable at the Cumberland Bank and the protest thereof to the jury. It appears, in the state of the case agreed on by

the counsel, that Dubois put his name upon the note at the request of Wright, the maker, on the day it bears date, and that Wright used it in payment of a debt which he owed to one Thomas Newell, of the city of Philadelphia. On the day Newell received the note, he had it cashed by the present plaintiff, and transferred it to him by delivery without recourse. The note is dated April 12th, 1860, payable eight months after date, to the order of David Dubois, at the Salem Bank, for two hundred and twenty-four dollars, without defalcation, for value received, and signed John W. Wright; and it has the name of David Dubois signed immediately under the signature of the maker. A question was made at the trial, whether Dubois became a joint maker or an endorser by placing his name upon the face of the note. It certainly is not usual to transfer the title to a note payable to order by the payee writing his name under that of the maker. The term endorsing conveys a different idea, and implies that the name is written on the back, yet there are respectable authorities showing that the payee's name may be written on the face of the instrument, and it be held in law an endorsement. *Partridge* v. *Davis*, 20 *Vermont* 499–503; *Gibson* v. *Powell*, 6 *Miss.* 60; *Rex* v. *Bigg*, 3 *P. Wms.* 419; *Yarborough* v. *Bank of England*, 16 *East* 6, 12; 2 *Parsons on Notes and Bills* 17.

The justice correctly instructed the jury that if the defendant was responsible, it was through the legal responsibility of an endorser, and not of a joint maker of the note. The case shows that, on the day the note became payable, it was presented by a notary at the counter of the Salem Bank, and payment duly demanded and refused; and that, on the evening of that day, notices of nonpayment were sent by mail, directed to Centreton post-office, addressed to Haines, the holder of the note, and to Wright and Dubois. The notary did not consider Dubois to be an endorser, and he testified that he sent notice to Wright and to Dubois as drawers. The forms of the notices were not produced or proved on the trial. It does not appear that the notice sent

to Dubois was different in form or substance from that sent to Haines, whom the notary considered as an endorser. It appears, by the testimony of the defendant himself, that he received the notice at the post-office. If the notice was defective; if it was so drawn as to mislead him; if it did not inform him that the note had been duly presented at the bank, and payment refused for want of funds; if the note in question was so defectively described in the notice as to leave him in doubt as to the note referred to in it, he could have satisfied the court and jury upon these points by producing the notice in evidence before them. Having received the notice on which the plaintiff depended for fixing him as an endorser, it was incumbent on him to produce it, if he relied for his defence upon any defect in it. *Burgess* v. *Vreeland,* 4 *Zab.* 74.

The justice correctly left it to the jury to say whether they believed, from the testimony, that the notice which the notary mailed for the defendant, and which he admitted he had received properly described the note sued upon, and revealed to him that it was unpaid.

I am satisfied that the justice properly overruled the testimony offered by the defendant, of the oral understanding had between him and Mr. Wright, when the note was signed by him. The note is negotiable on its face: it was payable eight months after date, and was known by the defendant, for some time before it became due, to have been held by the plaintiff for a consideration. The testimony was ruled to be incompetent, unless the defendant would undertake to connect the plaintiff with a knowledge of that equity. He did not allege the fact, or attempt to make any such proof.

The rule to show cause should be discharged, and final judgment entered.

VAN DYKE, J. This action is brought by the plaintiff, as the holder of a promissory note, against the defendant, as the endorser thereof.

It appears, by the evidence, that a person of the name of

Wright was indebted to a person by the name of Newell, in Philadelphia, for merchandise. In consequence of some deduction having been made from the claim, Wright agreed to give Newell a note for the balance, with the defendant as surety. The note was accordingly drawn up payable at the Salem Bank, with the name of the defendant inserted therein as the payee, and as the person who was to endorse it to the plaintiff. Wright then took the note signed by himself to the defendant, to get his name upon it as endorser. The defendant put his name upon it, but instead of writing it on the back, as is usual, he wrote it upon the face, and immediately under the name of the drawer. This was held by the court to be a sufficient signing of *such* a note to make him liable as an endorser, and as I suppose properly, and no exception is taken to it here.

The defendant offered to prove that at the time when he signed the note it was understood between him and Wright that it was to take up another note in the Cumberland Bank, on which were both their names. But as the defendant made no offer or attempt to prove that the plaintiff had any knowledge of this understanding, the evidence was overruled, and rightly as I suppose, and no question is made about the correctness of such writing in this court.

When the note was returned to Newell, he immediately sold it to the plaintiff, as had been previously arranged between them, for $200, Newell not endorsing it.

When the note became due it was duly presented at the bank by the notary for payment, and payment refused. The notary then protested the note, and the same evening put the notices of protest in the post-office, directed to Centreton, one for the plaintiff who had endorsed the note, and also for Wright and the defendant. It appears, by the evidence, that Centreton is not the post-office nearest to the residence of the defendant, but that Pittstown is nearer by a mile and a half. But it also appears that while he generally got his mail matters from Pittstown, he sometimes obtained them from Centreton, and that he in fact received the notice in

Haines v. Dubois.

question at that office.   This is believed to be a sufficient sending of the notice, and the defendant does not now complain of it.

It appears, however, that the notary, in the notice which he sent to the defendant, treated and styled him as a drawer, and not as an endorser of the note; and it is insisted that the notice, for this reason, was insufficient to bind him as an endorser. We have not been favored with a sight of this notice, and do not know what its precise contents were, although, according to the admission of the defendant, in his evidence, he had received it, and must be presumed to have had it in his possession.   But as the protest was made by a regular notary, after demand and refusal of payment, and the notice made out by him, and with that notice in the hands of the defendant unproduced for the inspection of the court and jury, and in the absence of all evidence to the contrary, it must be presumed that the notice was sufficient to apprize the party of all that was necessary, and that the jury were authorized in so finding. This would certainly be so, I think, if it had been sent to him as an endorser.   Can it make any difference whether he was styled the one thing or the other, or whether he was styled either, if it only contained the information that a particular note, so described as that he could readily recognize it, containing his name, had been presented for payment, and payment refused?   This, we are informed by the notary, was a notice of protest of the note in question, which in common, as well as commercial parlance, means a notice that payment of the note had been demanded, and had been refused.   This is all that the defendant was entitled to know; and in the absence of all evidence of any imperfection in the notice except that it styled him drawer, and in the absence of all evidence that there was any other note in existence with his name on it which could fall due, and with the notice itself in his possession, unshown to the court and jury, we are bound, I think, to hold that the notice was sufficient.

Judgment for plaintiff.

CITED in *Chaddock* v. *Vanness,* 6 *Vroom* 527.